IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL C. ROARK,

      **Plaintiff,**

      v.                                    CASE NO. 20-3267-SAC

DONALD ASH, et. al,

      **Defendants.**

## O R D E R

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. On October 28, 2020, the Court entered a Notice of Deficiency (Doc. 3), directing Plaintiff to submit his Complaint on court-approved forms and to either pay the filing fee or file a motion to proceed without payment of fees. The deadline for Plaintiff to correct the deficiencies was November 27, 2020. The Notice of Deficiency provided that "[i]f you fail to comply within the prescribed time, the Judge presiding over your case will be notified of your non-compliance, and this action may be dismissed without further notice for failure to comply with this court order." (Doc. 3, at 1–2.) Plaintiff failed to comply with the Court's order by the deadline and as a consequence, on December 7, 2020, the Court dismissed this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders. (Docs. 4, 5.)

Two months later—on February 10, 2021—Plaintiff filed a request (Doc. 6) for the Court to accept his delayed response to the Notice of Deficiency, which the Court considered as a motion to reopen this case. In his motion to reopen, Plaintiff asserted that he temporarily misplaced the Notice of Deficiency and other documents related to his case. The Court treated

the motion as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, and denied the motion on February 11, 2021.  (Doc. 7.)  On March 3, 2021, Plaintiff filed a motion (Doc. 8) asking the Court to reconsider its February 11, 2021 Order denying the motion to reopen his case.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a).  Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings.  *Id*.  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff again argues that he sent the various legal documents home not realizing the document in question was important, and he temporarily misplaced the document.  Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed

to meet the standard required for this Court to alter or amend its February 11, 2021 Order denying Plaintiff's motion to reopen his case, and that ruling stands.

The Court notes that Plaintiff's case was dismissed without prejudice to him refiling the action. Although Plaintiff is currently housed at the Wyandotte County Adult Detention Center in Kansas City, Kansas, some of the claims in his Complaint are based on events occurring during his detention at the Andrew County Jail in Savannah, Missouri, and his conditions of confinement while housed there. The Complaint includes as defendants two Deputy Sheriff Officers from the Andrew County Jail and two Jailers from the Andrew County Jail.

The Andrew County Jail is located in Savannah, Missouri. Under 28 U.S.C. § 1391(b):

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

28 U.S.C. § 1391(b)(1)–(2). The Court notes that it appears that venue for these claims is proper in Missouri under 28 U.S.C. § 1391(b).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider (Doc. 8) is **denied.** This case remains closed.

**IT IS SO ORDERED.**

Dated March 10, 2021, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**
